**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**TONY MANNS,**

**Petitioner,**

**v.** **Civil Action No. 3:22-CV-2 (GROH)**

**HUDGINS,**

**Respondent.**

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

On January 4, 2022, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate[2] who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Kentucky. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[3]

### A. Conviction, Sentence and Direct Appeal

On December 16, 1993, an indictment was returned in the Eastern District of

[1] All CM/ECF references are to the instant case, 3:22-CV-2, unless otherwise noted.

[2] At the time Petitioner filed his petition, he was incarcerated at USP Hazelton in the Northern District of West Virginia. Subsequently, Petitioner was transferred to Atwater USP in Atwater, California. https://www.bop.gov/inmateloc/.

[3] All CM/ECF references in Sections II.A., and II.B., refer to entries in the docket of Criminal Action No. 7:93-CR-73 in the Eastern District of Kentucky. !

Kentucky, case number 7:93-CR-73, which charged Petitioner with ten drug trafficking and gun crimes, and a forfeiture count. ECF No. 1.[4] On March 3, 1994, Petitioner was convicted of Counts 1 through 10[5] of the indictment. ECF No. 41. Petitioner was sentenced to an aggregate term of imprisonment of 455 months on September 22, 1994.[6] ECF No. 72. The sentence for two consecutive violations of 18 U.S.C. § 924(c), for use of a handgun during and in relation to a drug trafficking crime, was for sixty (60) months for the first and for two-hundred forty (240) months for the second violation.[7] ECF No. 391, at 1 – 2. Those sentences were ordered to be consecutively to the one-hundred fifty-five (155) month sentence for other counts of conviction. Id. The Circuit Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence on July 13, 1995. ECF No. 95; United States v. Manns, 61 F.3d 904 (6th Cir. 1995).

A later ruling of the District Court for the Eastern District of Kentucky, summarized the proceedings:

> In 1994, Tony Manns was tried by a jury and convicted of numerous drug and weapons offenses in connection with the burglaries [or] robberies of three pharmacies. He was sentenced to a total sentence of 455 months, followed by a total of five years of supervised release, and ordered to pay

[4] Because of the age of conviction, the documents filed before March 29, 2011, are not available on PACER. The information contained herein for events prior to March 29, 2011, is taken from a review of the docket itself.

[5] The docket indicates that the Counts charged: (1) conspiracy to distribute controlled substance; (2) burglary of a controlled substance; (3) sell, distribute, or dispense a controlled substance; (4) burglary of a controlled substance; (5) sell, distribute, or dispense a controlled substance; (6) violent crime, drugs, machine gun; (7) burglary of a controlled substance; (8) sell, distribute, or dispense a controlled substance; (9) violent crime, drugs, machine gun; and (10) sell, distribute, or dispense a controlled substance.

[6] According to the docket entries, sentencing was scheduled for September 22, 1994, but the judgment in a criminal case was not docketed until September 26, 1994, and not entered until September 27, 1994. ECF Nos. 65, 72.

[7] The trial court recently recognized that in Deal v. United States, 508 U.S. 129, 135 – 136 (1993), the Supreme Court held that the more severe consecutive sentence could be triggered when a defendant is convicted of multiple § 924(c) counts in the same proceeding. See ECF No. 391 at 2.

> restitution in the total amount of $75,000. The Sixth Circuit affirmed Manns' convictions and sentences. *See United States v. Manns*, No. 94-6305 (6th Cir. July 13, 1995). Two of the counts involved his use of a handgun during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). That section imposed a mandatory minimum sentence of five years for a person who possessed a firearm in connection with a drug trafficking crime, and a consecutive mandatory minimum sentence of 20 years for any additional conviction under that provision. In *Deal v. United States*, the Supreme Court held that the more severe consecutive sentence could be triggered when a defendant is convicted of multiple § 924(c) counts in the same proceeding. 508 U.S. 129, 135-36 (1993). Thus, at the time Mr. Manns was sentenced in 1994, his conviction on the two § 924(c) counts required a sentence of 25 years.

ECF No. 391; United States v. Manns, No. CR 93-73-DLB-EBA-1, 2022 WL 2286196, at *1 (E.D. Ky. June 23, 2022).

### B. Post-Conviction Relief Including[8] Motions to Vacate under 28 U.S.C. § 2255

[8] Following his conviction, Petitioner has been a frequent litigant in the federal courts. He has sought relief from the court of his conviction at least fourteen times in the following cases:

> (1) 5:1994-CV-00218; (2) 7:1994-CV-00159; (3) 7:1996-CV-00238; (4) 7:2010-CV-00130; (5) 7:2014-CV-00079; (6) 7:2016-CV-0093; (7) 7:2016-CV-00156; (8) 6:2017-CV-00257; (9) 7:2018-CV-00106; (10) 7:2019-CV-00007; (11) 7:2019-CV-00012; (12) 6:3027-CV-00257; (13) 7:2018-CV-00106; and (14) 7:2019-CV-00007.

See PACER. He has also sought relief from the Court of Appeals for the Sixth Circuit at least thirty-one times, in the following cases:

> (1) 1994-CR-06304; (2) 1994-CR-06304; (3) 1998-PR-06009; (4) 1999-OP-06358; (5) 2004-CR-05338; (6) 2004-CR-05406; (7) 2005-CR-05704; (8) 2010-PR-06435; (9) 2011-CR-05881; (10) 2011-CV05946; (11) 2011-CR-06499; (12) 2014-CR-05064; (13) 2014-PR-06001; (14) 2015-CR-05200; (15) 2015-CR-05643; (16) 2016-CR-05017; (17) 2016-OP-05896; (18) 2016-OP-06553; (19) 2017-OP-05311; (20) 2017-OP-05987; (21) 2018-OP-05067; (22) 2018-PR-05118; (23) 2018-PR-05999; (24) 2018-OP-06000; (25) 2019-PR-05177; (26) 2019-OP-05570; (27) 2019-PR-06124; (28) 2019-PR-06423; (29) 2020-OP-05188; (30) 2020-OP-06410; and (31) 2022-OP-05222.

Additionally, Petitioner has sought relief in the Courts of Appeal for the Fifth, Seventh, Ninth and Eleventh Circuits, and from the district courts in the California Central District, California Eastern District, Florida Middle District, Illinois Northern District, Louisiana Middle District, Louisiana Western District, Michigan Eastern District, Pennsylvania Middle District, Tennessee Western District, and twice previously in this district, in cases 3:2021-CV-00004, and 3:2021-CV-00047. The procedural history herein does not address all of Petitioner's post-conviction litigation history, but addresses those matters most relevant to disposition of the instant case.

On July 29, 1996, Petitioner filed a motion for relief under 28 U.S.C. § 2255, in the Eastern District of Kentucky, which was assigned case number 7:96-CV-238. ECF No. 100, 102.[9] By memorandum opinion and order issued June 4, 1998, the motion to vacate was denied. ECF Nos. 121, 122.

Petitioner appealed that decision to the Sixth Circuit on July 15, 1998, and the case was assigned docket number 98-6009. ECF Nos. 123, 124, 125. The appeal was dismissed on voluntary motion of the Petitioner, which was filed with the district court on October 29, 1999. ECF No. 134.

Petitioner also repeatedly sought other post-conviction relief. In a December 17, 2013, order the district court wrote:

> Manns also filed numerous post-judgment motions to correct perceived errors in his criminal proceedings, including motions to correct clerical errors, to correct the docket sheet, and to correct the record. Other than Manns' motion "to correct the omitted jury note entry on the docket sheet," which was corrected as requested, all of his post-judgment motions were denied. The Sixth Circuit subsequently affirmed this Court's denial of Mann's Rule 36 motion to correct the record. United States v. Manns, No. 11- 5881 (6th Cir. May 30, 2012).

ECF No. 222. The order further stated that in the motion before the Court, Petitioner sought "a briefing schedule based on his claim that he is actually innocent of carrying a firearm during two robberies." Id. at 2. The district court found that Petitioner's motion was equivalent to a second or successive habeas petition, for which he had failed to obtain permission from the Sixth Circuit to file. Id. Accordingly, the district court denied relief. Id. Petitioner appealed that order to the Sixth Circuit, in that court's docket number 14-5064. ECF No. 224. On July 27, 2015, the Sixth Circuit, in agreement with the district

[9] Because of the age of the filings, the complete record is not available for these documents. See Footnote 4 herein.

court, deemed Petitioner's appeal as a request for certification to file a second or successive § 2255 petition, denied the same, and affirmed the district court's order. ECF No. 258.

By order entered February 9, 2015, the district court granted Petitioner relief under 18 U.S.C. § 3582(c)(2), and reduced Petitioner's sentence from 455 months to 450 months. ECF No. 246. Petitioner also appealed this decision, on February 26, 2015, in the Sixth Circuit's docket number 15-5200. ECF No. 249. The Sixth Circuit remanded the matter for the district court to provide reasons supporting its reduction of sentence. ECF No. 260.

On May 20, 2016, Petitioner filed another motion styled a motion to vacate pursuant to § 2255, and which sought to void the judgment of the court's prior order. ECF No. 273. The district court denied the § 2255 motion as a second or successive motion, on June 17, 2016, and transferred the matter to the Sixth Circuit for further consideration in that court's docket number 16-5896. ECF No. 276. By order issued August 26, 2016, the action was dismissed for want of prosecution. ECF No. 282.

Petitioner filed another § 2255 motion on July 26, 2016, which was again transferred to the Sixth Circuit on July 28, 2016, in that court's docket 16-6341. ECF Nos. 277, 279. The Sixth Circuit denied Petitioner's request to file a second or successive § 2255 motion by order entered October 17, 2016. ECF No. 290.

On March 9, 2017, Petitioner filed a motion in the court of his conviction which was construed by the district court as a motion to vacate Petitioner's conviction and sentence. ECF No. 292. The district court transferred the matter to the Sixth Circuit for further

consideration on March 14, 2017. ECF No. 293. The case, assigned docket number 17-5311, was dismissed for want of prosecution on April 25, 2017. ECF No. 294.

On August 18, 2017, the district court transferred six motions [ECF Nos. 298, 300, 302, 303, 304, and 307] to the Sixth Circuit for further review, in that court's docket number 17-5987. ECF No. 308. The Sixth Circuit dismissed the motions by order filed February 8, 2018, for want of prosecution. ECF No. 313. The district court transferred two additional motions [ECF Nos. 309, 310] to the Sixth Circuit on January 17, 2018, in that court's docket number 18-5067. ECF Nos. 311, 312. The Sixth Circuit again dismissed the action for want of prosecution. ECF No. 314.

Petitioner filed a notice of appeal with the Sixth Circuit on September 17, 2018. ECF No. 318. By order entered December 6, 2019, the Sixth Circuit denied Petitioner a certificate of appealability. ECF No. 342.

On September 19, 2018, Petitioner filed another motion for relief which the district court construed as a motion to vacate pursuant to § 2255. ECF No. 319. Again, the district court transferred the motion to the Sixth Circuit for consideration in that court's docket number 18-6000. ECF Nos. 320, 322. On March 13, 2019, the Sixth Circuit denied Petitioner's request to file a second or successive § 2255 motion. ECF No. 327.

On August 27, 2020, Petitioner filed a motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(B), which the district court construed as a request for relief under the First Step Act. ECF Nos. 349, 350. The district court denied the motion by order entered June 23, 2022. ECF No. 391; 2022 WL 2286196 (E.D. Ky. June 23, 2022). That order noted that although "the First Step Act ended the practice of stacking multiple § 924(c) sentences for a first-time offender such as Mr. Manns. . . [h]owever, § 403 of the First Step Act does

not apply retroactively . . . [accordingly] Mr. Manns [ ] cannot benefit directly from the new sentencing regime governing convictions under § 924(c)." ECF 391 at 3.

On April 22, 2021, the Sixth Circuit again denied Petitioner permission to file a second or successive § 2255 motion. ECF No. 373.

Petitioner filed another motion for relief pursuant to § 2255 on March 23, 2022, in the Sixth Circuit, in that court's docket number 22-5222. ECF No. 384. On September 19, 2022, in its order denying relief, the Sixth Circuit summarized Petitioner's three claims:

> (1) he was denied access to the courts because the court reporter falsely certified that the trial transcripts for appeal consisted of the "entire record," but the record shows that the court reporter did not file a fifth volume of the trial transcript until 2011; (2) his appellate counsel never had access to the entire record, and that entire record will show that he was denied his right to counsel at "multiple critical stages of the proceedings"; and (3) the government suppressed exculpatory evidence—namely, the entire record.

ECF No. 397 at 1 – 2. In denying all three claims, the court wrote that Petitioner's "motion does not satisfy either statutory criteria for filing a second or successive motion to vacate because his proposed claims do not rely upon any newly discovered evidence or upon a new, retroactively applicable rule of constitutional law." Id. at 2.

**C. Claims in Instant § 2241 Petition**

Although not a model of clarity, the petition challenges both his conviction and sentence and appears to allege four grounds for relief: (1) that res judicata should not bar Petitioner's 924(c) claim because previously the Government filed a "false" brief which convinced the court of conviction to deny Petitioner's 924(c) Bailey claim [ECF No. 1 at 5]; (2) that Petitioner is actually innocent of carrying a firearm during a drug offense [Id. at 6]; (3) that Petitioner has been denied access to the courts because "the district

conspired with the U.S. Attorney and court personnel to withhold the record from appellate review" [Id.]; and (4) the sentencing court committed procedural error in its pre-Booker sentencing because Petitioner "is innocent of using a firearm" [Id.]. Petitioner claims that he never presented these claims to another court because he "never had access to" to a complete record on direct appeal or in § 2255 proceedings. Id. at 7.

For relief, Petitioner asks this Court to order the Government "to produce the 2255 proceedings . . . so Petitioner can prove an actual innocen[ce] claim." ECF No. 1 at 8. However, because the petition clearly states that Petitioner challenges his conviction and sentence [ECF No. 1 at 1], the Court liberally construes this request to mean that Petitioner seeks release from custody based on errors in his conviction and sentence.

Petitioner has also filed two motions which remain pending. The first, filed March 14, 2022, is styled as a "Ledger of Claims". ECF No. 13. Because of the relief sought, this submission was docketed as a motion for order to show cause. Id. The motion raises many of the same issues raised in his petition for habeas corpus, including his claims that: (1) he does not have access to his trial record or "complete access" to the court, (2) he is actually innocent of the charge of use of a firearm and the district court committed a pre-Booker error at sentencing, and (3) the Government previously filed a false or misleading brief which claimed Petitioner carried a firearm during a robbery. Id. Petitioner also filed a motion on August 12, 2022, seeking a show cause order under 28 U.S.C. § 2243 and an evidentiary hearing. ECF No. 21. Therein, Petitioner asserts that his conviction under § 924(c) was "not a criminal offense in 1994." Id. at 1. Further, Petitioner contends that he is actually innocent of both 924(c) gun charges. Id. at 4.

## III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[10] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

[10] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). "As we noted in O'Brien [v. Moore, 395 F.3d 499, 505 (4th Cir. 2021)], the 'essence of habeas corpus is an attack by a person in custody upon the legality of that custody' and 'the traditional function of the writ is to secure release from illegal custody.'" Obando-Segura

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

v. Garland, 999 F.3d 190, 194 (4th Cir. 2021), quoting Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[11] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[12] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is

---

[11] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[12] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the

second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

In the four grounds for relief articulated in the petition, Petitioner claims in three grounds that his conviction was improperly obtained, and in his fourth ground that his sentence was improperly imposed. ECF No. 1.

The Court first addresses Petitioner's challenges to his conviction articulated in his first, second and third grounds for relief. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test for this Court to have jurisdiction to hear his challenge on the merits.

The second prong of the Jones test requires that, "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Petitioner cannot meet the second prong of Jones, because there has been no change to the settled substantive law. Because there was no change, nothing can be deemed to apply retroactively on collateral review.

Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal. The crime which Petitioner was convicted of committing and challenges herein—use of a handgun during and relation to

a drug trafficking crime, in violation of 18 U.S.C. § 924(c)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Accordingly, the undersigned recommends that the Petitioner's first, second, and third claims which challenge his conviction should be dismissed without prejudice.

As to Petitioner's challenge to his sentence raised in his fourth ground, Petitioner is not entitled to relief. Petitioner alleges that the sentencing court committed "procedural error" when it imposed his sentence for firearms offenses because he "is innocent of using a firearm." ECF No. 1 at 6. Petitioner asks for the production of his 2255 proceedings[13] to prove his actual innocence claim, which this Court liberally construes as a request for release from custody. Id. at 8. Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. But Petitioner's argument does not rely on newly

[13] As listed above, Petitioner has an extensive history of pursuing claims under § 2255, and does not specify which proceeding or proceedings he seeks.

discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

The undersigned first reviews Petitioner's claim that he was improperly sentenced under 18 U.S.C. § 924(c). To the extent that United States v. Davis, 139 S.Ct. 2319 (2019), invalidated § 924(c), that decision only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in Petitioner's sentence. Instead, Petitioner's sentence was properly imposed under § 924(c)(1)(A)[14] based on his conviction for possession of a firearm during and in relation to a drug trafficking crime, which provision remains in effect after Davis. Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test. Moreover, as the substantive law regarding § 924(c)(2) has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the third clause of the second prong of the Wheeler test. Accordingly, Petitioner fails to meet the second requirement of Wheeler, and the undersigned need not address the third and fourth prongs of Wheeler.

[14] As explained by the Sixth Circuit in its unpublished opinion affirming Petitioner's sentence and conviction on direct appeal, "Upon review, we conclude that the district court properly sentenced Manns on his second weapons conviction under 18 U.S.C. § 924(c)(1). A second conviction for committing a crime of violence, even if charged in a single proceeding, can amount to the necessary "second or subsequent conviction" under 18 U.S.C. § 924(c)(1). Here, because the two weapons convictions were for separate offenses, the district court properly sentenced Manns to twenty years on the second or subsequent conviction." United States v. Manns, 61 F.3d 904 (6th Cir. 1995) (internal citations omitted); 1995 WL 418315 at *1. Further, the undersigned notes that in a recent ruling of the District Court for the Eastern District of Kentucky, that court wrote that, "Two of the counts involved his use of a handgun during and relation to ***a drug trafficking crime***, in violation of 18 U.S.C. § 924(c)," not for a crime of violence. E.D. Ky. 7:93-CR-73, ECF No. 391 at 2.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his challenges to his sentence under his fourth ground, may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

Even if this Court had jurisdiction to consider the petition, Petitioner's challenge to his sentence should be denied. Petitioner argues that he is entitled to relief because he was sentenced to 455 months of incarceration under the pre-Booker mandatory United States Sentencing Guidelines. However, upon motion of the court, ten years after Booker was decided, on February 9, 2015, Petitioner was granted a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). E.D. Ky. 7:93-CR-73, ECF No. 246. The reduction in sentence was "based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission." Id. Accordingly, it appears that subsequent to his pre-Booker sentencing, that Petitioner's sentence was reduced post-Booker. For these reasons, Petitioner's claims related to his pre-Booker imposition of sentence are without merit.

Notwithstanding that Petitioner's claims are precluded because of his inability to meet the Jones and Wheeler tests here, Petitioner also appears to have raised the same claims repeatedly in many jurisdictions. And repeatedly, Petitioner's claims have been rejected. The district court of his conviction on June 23, 2022, denied Petitioner's claims for a reduction in sentence, and the Sixth Circuit, on September 19, 2022, denied Petitioner authorization to file a second or successive motion pursuant to § 2255. E.D. Ky. 7:93-CR-73, ECF Nos. 391, 397, 398.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motions for order to show cause, styled "Ledger of Claims" [ECF No. 13], and for show cause order under Title 28 U.S.C.§ 2243 and for evidentiary hearing [ECF No. 21], be **DENIED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 4, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE